## Vandike's Appeal.

On an execution against one of two partners for his individual debt, the sheriff made a levy on certain personal property; and on three executions against the partners subsequently received by the sheriff, he levied on *the same property*, and returned on the three last executions that the property was sold, subject to the first levy.   If the levies were incompatible, they should have been rejected; the return of the sheriff as to the amount raised was complete without the levies; and if there be a doubt as to whether the money was raised out of individual or partnership property, the fact should be ascertained under the direction of the court.

In the matter of the appeal of William Vandike.

This was an appeal from the decision of the District Court of the City and County of Philadelphia, dismissing exceptions, confirming an auditor's report, and awarding distribution according thereto.

The fund in court, $1210.60, was raised by the sale of personal property, consisting of the stock and fixtures of a drug-mill, which the appellant alleges was the store of Albanus L. Bennett and James M. Vandike, trading under the firm of Bennett & Vandike.

At the time of the sale of the property, the sheriff had *four* writs of *fi. fa.* in his hands, as follows:—

[Vandike's Appeal.]

1. To the first writ, John J. McCahen *v.* Albanus Bennett, *issued June* 10, 1848, the sheriff returned as follows :—

"Levied upon the personal property of defendant, June 10, 1848, and sold part thereof September 26, 1848, for five hundred and forty-nine dollars and thirty-five cents. A part thereof December 11, 1848, for eleven dollars, and the remainder thereof January 6, 1849, for seven hundred and ninety-two dollars and fifty cents. Together making the sum total of thirteen hundred and fifty-two dollars, eighty-five cents." $1352.85.

2. The will of William Vandike *v.* Bennett and Vandike, *issued August* 2, 1848.

The sheriff returned, "Levied upon the personal property of the defendants, August 2, 1848, *subject to a writ of fi. fa.* issued from the District Court, to wit: John J. McCahen *v.* Albanus L. Bennett, *fi. fa.,* District Court, June, 1848, number 202, and sold a part thereof September 26, 1848, for five hundred and forty-nine dollars and thirty-five cents; a part thereof December 11, 1848, for eleven dollars, and the remainder thereof January 6, 1849, for seven hundred and ninety-two dollars and fifty cents. Together making the sum total of thirteen hundred and fifty-two dollars, eighty-five cents." $1352.85.

3. The *fi. fa.* William Vandike *v.* Bennett & Vandike issued August 7, 1848. The sheriff returned, "Levied upon the personal property of the defendants August 7, 1848, subject to sundry writs of *fi. fa.* issued from the District Court, to wit, John J. McCahen *v.* Albanus L. Bennett, *fi. fa.* District Court, June, 1848, number 202, and William Vandike *v.* A. L. Bennett and J. M. Vandike, District Court, September, 1848, number 9, and sold a part thereof September 26, 1848, for five hundred and forty-nine dollars and thirty-five cents. A part thereof December 11, 1848, for eleven dollars, and the remainder thereof January 6, 1849, for seven hundred and ninety-two dollars and fifty cents. Together making the sum total of thirteen hundred and fifty-two dollars and eighty-five cents.

4. The *fi. fa.,* Cummings *v.* Bennett & Vandike, issued September 28, 1848, was returned, "Levied upon the personal property of the defendants, September 30, 1848, subject to sundry writs of *fi. fa.,* issued from the District Court, &c., as above set forth."

In each of the said four cases, a rule was obtained on the 12th of March, 1849, on the sheriff to pay the money into court. He paid into court $1210.60, being the proceeds of sale under said writs, less sheriff's costs, &c.

March 16, 1849, an auditor was appointed to distribute the *fund in court in the above cases,* whose report was filed 23d June, 1849.

The auditor expressed the opinion that the Act of April 10,

[Vandike's Appeal.]

1848, relative to levies and sales of personal property on execution in the county of Philadelphia, (*Acts of* 1848, p. 450), was not intended to relieve the sheriff from responsibility only in cases where goods levied on are claimed in opposition to the levy by some other person; and that the return of the sheriff to McCahen's writ, was conclusive. He decided against the granting of an issue, and awarded the fund to the payment of the *first* execution.

Exceptions as follows, were filed to his report:—

1. That the auditor erred in reporting the fund to John J. McCahen.

2. That the auditor erred in refusing an issue demanded by exceptant to try the question of fact, whether the fund in court was raised by sale of property belonging to the firm of Bennett & Vandike or not.

3. And in refusing an issue to ascertain the amount due John J. McCahen.

The District Court after argument dismissed the exceptions, confirmed the report, and ordered distribution according thereto, Dec. 29, 1849.

It was assigned for error:

1. The court below erred in dismissing the exceptions to the auditor's report and confirming the report.

2. The court below erred in refusing an issue demanded by the appellant to try the question of fact, whether the fund in court was raised by property belonging to the firm of Bennett & Vandike or not.

3. The court below erred in awarding the money in court to John J. McCahen.

The case was argued by *Waln*, for appellant.—The return to the first writ, was that the property of the *defendant* (Bennett) was sold, which meant that his interest in the property was sold. But the sheriff sold the property under all of the writs; and the return being that the levy was subject to the first writ, the court should have suffered the sheriff to *amend* this return.

*J. A. Phillips*, contrà.—The return to the first execution, states that the property sold was the interest or property of the partner. The complainant had no right to an issue.

*Knight*, in reply.—The 86th section of the Act of 16th June, 1836, relating to executions, is not confined to the proceeds of sale of *real* estate.

The opinion of the court was delivered January 26, 1852, by

[Vandike's Appeal.]

Lowrie, J.—The auditor held in this case that the return of the sheriff, on the writ against Bennett alone, was conclusive on the sheriff and between the different execution creditors; that the goods levied on were the property of Bennett, and not of Bennett & Vandike; and that therefore the creditors of the firm could not be allowed to prove that they were partnership goods.

If this be true, the rights of the sheriff and of the parties are endangered by a mere mistake of the sheriff (for the goods were the same in each case); and rather than allow such a result, the court below ought to have granted the motion to amend. But the truth of the case may be reached without an amendment. The money was made and paid into court on these four writs, and under these returns was submitted to the auditor. In the distribution, therefore, all the writs and returns must be regarded. They together present the transaction on which the auditor is to pass.

By a strict construction of the first writ and its return, the money was made out of the goods of Bennett; and by a similar construction of the other, it was made out of the goods of Bennett & Vandike. Now, these being all of equal authority, which is conclusive against the other? One against four, or four against one? Neither way.

The sheriff says he made the money on all of the executions; he brings it into court on them all, and it is referred on them all. If the levies are incompatible, let them be rejected. The return is complete without them, in stating the amount of money made. To know how to distribute this, we must know whether it was made out of individual or partnership property. Let that fact be ascertained.

> Decree: This cause came on to be heard on an appeal from the District Court of Philadelphia county, and was argued by counsel, and thereupon, on consideration thereof, it is ordered, adjudged, and decreed that the decree appealed from be reversed, and that the cause be remanded to the said District Court with instructions to proceed in due form of law to ascertain out of whose property the money returned on these four executions was made, and then to distribute it according to the rights of the execution creditors.